IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISRAEL BENAVIDES, | § | |
| | § | |
| v. | § | C.A. NO. C-10-341 |
| | § | |
| SHERIFF ROMEO RAMIREZ, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION**

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against Magistrate Juan Garcia are dismissed with prejudice as barred by judicial immunity, and plaintiff's claims against Lieutenant Delgado and Parole Officer Velasquez are dismissed without prejudice as plaintiff must first demonstrate that the challenged conviction has been set aside before pursuing damage claims against those defendants.  However, plaintiff's retaliation claims against Sheriff Romeo Ramirez and Deputy Gino Martinez are retained, and service ordered on these individuals.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 11), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  (D.E. 13); see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff is currently confined at the Webb County Jail in Laredo, Texas.  He filed this civil rights action on October 25, 2010, complaining that Duval County officers and officials are refusing to take custody of him in retaliation for his filing grievances and otherwise attempting to exercise his constitutional rights.  (D.E. 1).  Plaintiff is suing the following individuals: (1) Duval County Sheriff Romeo Ramirez; (2) Duval County Chief Deputy Gino Martinez; (3) Duval County Magistrate Juan Garcia; (4) San Diego Police Officer Lieutenant Delgado; and (5) Laredo Parole Officer Velasquez.

A Spears[1] hearing was held on November 22, 2010.  The following allegations were made in plaintiff's original complaint or at the hearing:

On June 16, 2009, San Diego police officer Lieutenant Delgado gave a statement that implicated plaintiff in organized criminal activity.  On June 21, 2009, plaintiff was arrested by San Diego police.

On September 23, 2009, plaintiff appeared before defendant Magistrate Garcia and was advised of the charges against him.  Plaintiff requested a court-appointed lawyer to represent

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings) (citation omitted).

him. Magistrate Garcia told him that the jail personnel would handle the matter.

On or around October 10, 2009, while at the Duval County Jail, plaintiff filed a grievance complaining that he had not yet been appointed an attorney. In response, defendant Sheriff Ramirez and Deputy Martinez transferred plaintiff to Live Oak County jail, claiming that plaintiff was a "writ writer."

Plaintiff remained at the Live Oak County jail from October 2009 until April 2010. During that time, he wrote letters to Duval County officials inquiring about the appointment of a lawyer and seeking to be returned to the Duval County Jail. He did not receive a response to his inquiries.

On April 21, 2010, plaintiff was arraigned in his criminal proceeding. He was appointed an attorney at that time, and was released on bond. However, on April 26, 2010, he was re-arrested on a blue warrant in Laredo.[2]

On June 6, 2010, plaintiff was transferred to Duval County to attend a hearing in his criminal proceeding. He was then sent back to Webb County Jail, at which time the Laredo Sheriff told plaintiff that he did not belong there, but in Duval County. Nonetheless, he was returned to Webb County Jail on June 8, 2010. On August 19, 2010, plaintiff sent letters to defendants and other Duval County officials complaining that he should be held in Duval County as that was where the criminal charges were pending and also where his parole had originated.

In September 2010, plaintiff filed a state application for writ of habeas corpus pursuant to article 11.07 of the Texas Rules of Criminal Procedure. In his habeas corpus petition, he raised claims of invalid arrest, coercion, denial of a speedy trial, seven months without appointment of

---

[2] As a condition of his parole, plaintiff was required to report to his parole officer in Laredo following his release.

counsel, and no trial before indictment.  Plaintiff's article 11.07 application was dismissed for lack of jurisdiction.

On September 20, 2010, plaintiff was again transferred to Duval County.  Eight days later, he was returned to the Webb County Jail.  Plaintiff asked Deputy Martinez why Duval County kept sending him back to Webb County, but Deputy Martinez refused to talk to him.  On October 25, 2010, plaintiff was taken to Duval County for a hearing, and on October 26, 2010, he was returned to Webb County.

Plaintiff claims that Duval County Sheriff Ramirez and Deputy Martinez retaliated against him because he is a writ writer and has filed grievances or letters advocating for himself.  He asserts these defendants retaliated against him by prohibiting him from being housed in Duval County Jail where the charges against him are pending, and where he can be closer to his family and lawyer.  Plaintiff alleges that Lieutenant Delgado made statements that implicated him in the criminal charges against him.  He claims that Parole Officer Velasquez failed to secure a pre-revocation hearing or assist him with appointment of counsel.  Finally, plaintiff claims that magistrate Garcia failed to perform his duties by not appointing him a lawyer even though he requested one.

### III.  DISCUSSION

**A.**     **Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Claims Against Magistrate Garcia Are Dismissed.**

Plaintiff alleges that he appeared before Magistrate Garcia on September 23, 2009, at which time he requested an attorney. In response, Magistrate Garcia told him that the jailers would take care of the matter. Thereafter, because he filed a grievance, the jailers transferred him, and plaintiff did not have counsel appointed until April 2010. Plaintiff claims that it was Magistrate Garcia's responsibility to ensure that his request for an appointed lawyer was satisfied.

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (citations omitted); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1995) (per curiam) (citation omitted). A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" Mireles, 502 U.S. at 12 (citations omitted); accord Boyd, 31 F.3d at 285 (citations omitted).

In this case, plaintiff is complaining about Magistrate Garcia's alleged failure to appoint him a lawyer. Plaintiff's request for an attorney arose in the context of his criminal proceeding

over which Magistrate Garcia presided. Thus, any contact Magistrate Garcia had with plaintiff was in his role as a judicial officer and in his judicial capacity. As such, Magistrate Garcia is entitled to judicial immunity, and therefore, plaintiff is barred from bringing a claim against this defendant. Accordingly, plaintiff's claim against Magistrate Garcia is dismissed with prejudice for failure to state a claim or as frivolous. See 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.    Plaintiff's Claims Against Lieutenant Delgado And Parole Officer Velasquez Are Dismissed Without Prejudice.**

Plaintiff asserts that Lieutenant Delgado made a statement against him that ultimately led to his arrest, and that Parole Officer Velasquez failed to assist him with obtaining a hearing or a lawyer.

Plaintiff's allegations against these individuals challenge the fact or duration of his confinement, and as such, are not properly maintained in a section 1983 action, but must be pursued instead in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 474, 500 (1973) (appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release). Indeed, the alleged basis for plaintiff's damages claims against these individuals is that he is in custody when he should not be. Thus, fundamental to his claims is a showing that he is being wrongfully detained. Such a claim must be pursued in a habeas corpus proceeding, prior to any claim for damages. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been [overturned]").

Thus, to the extent plaintiff seeks to hold Lieutenant Delgado or Parole Officer Velasquez liable for damages based on his arrest or conviction, plaintiff may pursue such claims only after and until he is successful on setting aside the arrest or conviction in a habeas corpus proceeding.  Accordingly, his claims against these defendants are dismissed without prejudice.

**D.     Plaintiff's Claims Against Sheriff Ramirez And Deputy Martinez Are Retained.**

Plaintiff alleges that defendants retaliated against him because he exercised his first amendment right to file grievances and otherwise complain about his treatment, which in turn caused defendants to transfer him away from the Duval County Jail and to prevent him from being housed there.

A prisoner's First Amendment right of access to the courts includes the right to seek redress through an established prison system.  See Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir. 1989).  Prison officials may not retaliate against a prisoner for exercising this right.  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  Because it is well established that prison officials may not retaliate against a prisoner for exercising the right to file lawsuits and administrative grievances, actions that might not otherwise be offensive to the Constitution can give rise to a constitutional claim if taken in retaliation for the exercise of the protected conduct.  Id. at 1165 ("an action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate") (citations omitted).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  Jones v. Greninger, 188

F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)).  An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).  "Mere conclusory allegations of retaliation will not withstand a summary judgment challenge." Woods, 60 F.3d at 1166.

The purpose of allowing retaliation claims pursuant to "§ 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id.  For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

Here, plaintiff claims that, on or around October 10, 2009, he filed a grievance complaining that he had not yet received an attorney.  In response, Sheriff Ramirez and Deputy Martinez labeled him a "writ writer" and had him transferred to Live Oak County Jail. Thereafter, despite the fact that criminal charges were pending against him in Duval County, Sheriff Ramirez and Deputy Martinez refused to let plaintiff be housed in the Duval County Jail, but repeatedly transferred him to the Webb County Jail.  Plaintiff testified that his assignment to the Webb County Jail made it more difficult for him to meet with his court-appointed counsel, and in addition, he was farther away from his family and home.  Thus, for purposes of § 1915A, plaintiff has stated a claim of retaliation against Sheriff Ramirez and Deputy Martinez.

Accordingly, plaintiff's retaliation claims against these defendants are retained, and service shall be ordered on them.

## IV. **CONCLUSION**

For purposes of § 1915A, plaintiff has adequately stated a claim of retaliation against Sheriff Romeo Ramirez and Deputy Gino Martinez, and service shall be ordered on these defendants. Plaintiff's claims against Lieutenant Delgado and Parole Officer Velasquez are dismissed without prejudice. His claims against Magistrate Juan Garcia are dismissed with prejudice.

ORDERED this 6th day of December 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE