IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISRAEL BENAVIDES, | § | |
| | § | |
| v. | § | C.A. NO. C-10-341 |
| | § | |
| SHERIFF ROMEO RAMIREZ, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's pro se motion to alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 36). For the reasons discussed below, his motion is denied.

### I. BACKGROUND

On October 25, 2010, Plaintiff filed this complaint, suing the following individuals: (1) Duval County Sheriff Romeo Ramirez; (2) Duval County Chief Deputy Gino Martinez; (3) Duval County Magistrate Juan Garcia; (4) San Diego Police Officer Lieutenant Delgado; and (5) Laredo Parole Officer Velasquez. (D.E. 1).

A Spears[1] hearing was held on November 22, 2010. On December 6, 2010, Plaintiff's claims against Magistrate Garcia were dismissed with prejudice as barred by judicial immunity, his claims against Lieutenant Delgado and Parole Officer Velasquez were dismissed because the challenged conviction had not been set aside before pursuing damage claims, and his retaliation claims against Defendants Ramirez and Martinez were retained. Benavides v. Ramirez, No. C-10-341, 2010 WL 5067685 (S.D. Tex. Dec. 6, 2010) (unpublished).

On January 13, 2011, Defendants filed an answer. (D.E. 19). Plaintiff filed a response to

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings) (citation omitted).

the answer on February 14, 2011. (D.E. 25). On May 13, 2011, Defendants filed a motion for summary judgment. (D.E. 30). Plaintiff filed a motion for summary judgment on May 18, 2011. (D.E. 31). On June 13, 2011, Defendants filed a response to Plaintiff's motion for summary judgment. (D.E. 32). Plaintiff filed a response to Defendants' motion for summary judgment on June 15, 2011. (D.E. 33). On June 27, 2011, Defendants' motion for summary judgment was granted and plaintiff's claims were dismissed. Benavides v. Ramirez, No. C-10-341, 2011 WL 2565897 (S.D. Tex. June 27, 2011) (unpublished).

Plaintiff alleged that Defendants transferred him repeatedly between county jails in retaliation for his work as a "writ-writer" and for otherwise exercising his First Amendment rights. (D.E. 1). Defendants were granted summary judgment because they were entitled to qualified immunity. Benavides, 2011 WL 2565897, at *5-10.

## II. DISCUSSION

### A. Plaintiff's Motion Is Timely.

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's claims against the various defendants as well as his motions for injunctive relief were dismissed on June 27, 2011. See generally Benavides, 2011 WL 2565897. His motion was filed with this Court on July 11, 2011 and thus was timely filed.

### B. Legal Standard For Relief Pursuant To Rule 59.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that

was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.      Plaintiff's Motion Is Without Merit.**

Plaintiff argues that the dismissed claims should be reinstated. However, he has provided no additional facts to support this assertion.

In order to assert a valid § 1983 claim, the litigant must demonstrate a violation of the federal Constitution by a state actor. 42 U.S.C. § 1983; see also Pasco ex rel. Pasco v. Knoblauch, 566 F3d 572, 579 (5th Cir. 2009) ("Violations of non-federal laws cannot form a basis for liability under § 1983...."); Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005) ("a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights") (citations omitted). In Plaintiff's pending motion addressing constitutional rights, he alleges only violations of state law. (D.E. 36, at 2).

Plaintiff does not demonstrate the existence of the need to correct a clear error of law, and he has not presented any relevant newly discovered evidence. Templet, 367 F.3d at 479. His motion therefore must be denied.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion to alter the judgment, (D.E. 36), is hereby DENIED.

ORDERED this 12th day of July 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE